IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NUTRACEUTICAL CORP. and NUTRAMARKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HIGH LEVEL HEMP, LLC d/b/a/ HIGH LEVEL, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR DEFAULT JUDGMENT <br><br> Case No. 2:21-cv-00408-JNP-DBP <br><br> District Judge Jill N. Parrish |

Plaintiffs Nutraceutical Corp. and Nutramarks, Inc. (plaintiffs) sued defendant High Level Hemp, LLC for violations of the Lanham Act, trade dress infringement, and unfair competition. The plaintiffs alleged that High Level sold a product that infringed their trade dress rights in a similar product. High Level failed to answer the complaint, and the court clerk entered a default certificate against it. Now before the court is a motion filed by the plaintiffs styled as a motion for a default judgment. ECF No. 16. The plaintiffs seek three forms of relief: (1) a permanent injunction, (2) an award of attorney fees and costs, and (3) an order from the court requiring High Level to produce sales records so that the plaintiffs can calculate the proper amount of an award for the disgorgement of High Level's profits derived from the infringing product.

The court denies the plaintiffs' request for a default judgment as premature. It is apparent from the plaintiffs' third request for relief that they are not prepared to prove their claim for a disgorgement award but hope to do so at a future date after receiving sales records from High Level. Thus, the plaintiffs are effectively requesting an interlocutory order awarding them an

injunction and attorney fees and costs, while holding open the issue of the amount of a disgorgement award. Such an order would not be a final judgment because it would not be the ultimate adjudication of all of the claims asserted by the plaintiffs. *See United States v. Romero*, 511 F.3d 1281, 1283 (10th Cir. 2008) ("A final judgment is one that 'ends the litigation on the merits,' leaving nothing to decide." (cleaned up) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988))); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) ("An order granting default judgment without any judgment entry on the issue of damages is no more than an interlocutory order . . . ."). The court declines to enter an interlocutory judgment on only part of the claims pending in this litigation. When the plaintiffs are prepared to attempt to prove the full measure of the remedies they seek, they may file a renewed motion for a default judgment.

The court, however, agrees that the plaintiffs are entitled to discovery of High Level's sales records because they are highly relevant to their claim for disgorgement of profits. Therefore, the court grants the plaintiffs' request for an order to produce these records.

## CONCLUSION AND ORDER

Based on the foregoing reasoning, the court orders as follows:

1. The court DENIES IN PART and GRANTS IN PART the plaintiffs' motion for default judgment. ECF No. 16.

2. The court denies without prejudice the plaintiffs' request for a default judgment as premature.

3. The court grants the plaintiffs' request for an order to produce documents. The court ORDERS defendant High Level to produce all sales records for its HAIRSTRENGTH dietary supplements.

DATED April 22, 2021.

BY THE COURT

---

Jill N. Parrish
United States District Court Judge